UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Raheem Garrett, <br><br> Plaintiff, <br><br> v. <br><br> Commonwealth of Massachusetts, <br><br> Defendant. | Civil No. 19-10060-LTS |

MEMORANDUM AND ORDER

January 18, 2019

SOROKIN, J.

For the reasons set forth below, this action is dismissed without prejudice.

I. BACKGROUND

Raheem Garrett, an inmate in custody at MCI – Shirley, filed two *pro se* pleadings as follows: (1) Motion to Vacate Sentence, Habeas Corpus, Civil Rights Rule 16(b) and 16.4, Rule 60(b) and 40.2; and (2) Affidavit to Vacate Sentence, Habeas Corpus, Civil Rights Tule 16(b), and 16.4, Rule 60(b) and 40.2. Doc. Nos. 1, 2. Each pleading is one page and contains the case caption for Garrett's state court appeal. *Id.* The certificate of service for each pleading states that on December 28, 2018, Garrett served the documents by mail to the John Joseph Moakley U..S. Courthouse. *Id.* As best can be gleaned from the sparse pleadings, Garrett seeks to challenge his state court conviction. *Id.*

In 2015, Garrett's 2012 convictions for armed robbery with a firearm while masked were vacated and remanded to Superior Court for resentencing. *Commonwealth v. Garrett*, 473 Mass. 257 (2015). After resentencing, Garrett filed several unsuccessful post-conviction motions.

*Commonwealth v. Garrett*, 94 Mass. App. Ct. 1104 (Oct 5, 2018). On March 17, 2017, the Mass Appeals Court affirmed the Superior Court's denial of Garrett's post-conviction motions. *Id.* On November 30, 2018, the Supreme Judicial Court denied Garrett's petition for further appellate review. *Commonwealth v. Garrett*, 481 Mass. 1101 (November 30, 2018).

II. SCREENING

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A. In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)(2). The Court also has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action.").

III. DISCUSSION

Garrett has filed his motion pursuant to several rules of procedure, however, he does not indicate whether he is referencing state or federal rules of procedure. Although it appears Garrett intends to file his motion in state court, it is not clear why a copy was sent to this federal court.

To the extent Garret seeks to file an action in this federal court, his motion references both "habeas corpus" and "civil rights." To the extent Garret may seek to file a civil rights action directly challenging his confinement, he cannot do so until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

It is more likely that Garrett seeks to challenge his state court conviction, and such a challenge would be brought in federal court by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. If Garrett wishes to pursue habeas relief in this federal court, he may do so by filing a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" accompanied by the $5.00 filing fee or a fee-waiver form. The clerk will be directed to send Garrett such forms with a copy of this Memorandum and Order.

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment may only be brought on the grounds that his custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas petition must be filed within one year of the latest of four dates specified by statute, usually "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The proper respondent in a habeas petition challenging present confinement is the inmate's immediate custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004).

IV. <u>CONCLUSION</u>

Accordingly, this action is DISMISSED without prejudice. The clerk shall enter a separate order of dismissal.

                                    SO ORDERED.

                                    /s/ Leo T. Sorokin
                                   Leo T. Sorokin
                                   United States District Judge